NO FEE DUE
GOV'T CODE § 6103

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   JAMES C. PACKER, SB# 77675
2    E-Mail: James.Packer@lewisbrisbois.com
   STEPHANIE J. TANADA, SB# 257769
3    E-Mail: Stephanie.Tanada@lewisbrisbois.com
   650 East Hospitality Lane, Suite 600
4  San Bernardino, California 92408
   Telephone: 909.387.1130
5  Facsimile: 909.387.1138

6  Attorneys for Defendants
   COUNTY OF RIVERSIDE, CITY OF
7  PERRIS, CHAD STAAT, FRANK RICE
   and MICHAEL PEREZ

8

9                    UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | RONALD DOUGLAS,              | CASE NO. 14-CV-02027-MMM (PLAx)
13 |           Plaintiff,         |
14 |    vs.                       | **STIPULATED PROTECTIVE ORDER**
15 | COUNTY OF RIVERSIDE,         |
   | et al.,                      |
16 |                              |
17 |           Defendants.        |

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       THE COURT, having reviewed the stipulation for protective order executed

20  by both parties, orders as follows:

21  1.   Counsel for a party who produces information and documents which are

22       confidential and/or proprietary may so designate the information and

23       documents at the time of production.  The copies of any records disclosed to

24       counsel for parties pursuant to this Protective Order may be distinctively

25       marked, provided that such marking does not obscure or obliterate the content

26       of any record, and may be stamped with substantially the following language:

27       "CONFIDENTIAL – UNLAWFUL TO DUPLICATE."  Thereafter, counsel

28       for the other parties to this lawsuit shall not convey, transfer, publish,

4822-2505-9113.1

[PROPOSED] STIPULATED PROTECTIVE ORDER

distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation only, by communicating with investigators, consultants and experts retained on behalf of the parties in this matter.

2. The documents produced pursuant to this Protective Order may not be used for any purpose other than preparation and trial of the above-named lawsuit.

3. Prior to the dissemination of any such information or documents pursuant to this Protective Order (except for the Court and Court personnel), counsel shall inform such person of the terms and conditions of this Protective Order and secure such person's written or emailed agreement to be bound by it.

4. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

5. If any information or document provided pursuant to this Protective Order is used in any motion filed with the Court, the party intending to use such information or document shall file an application to have it filed under seal pursuant to Local Rule 79-5, including filing a public redacted version of the document concurrently.

6. Parties may assert that particular documents designated as confidential are in fact, public knowledge or otherwise not subject to protection hereunder.  Such assertion, if made, shall be discussed between counsel for the parties and if agreement cannot be reached, the matter will be submitted to the Court for resolution in a motion pursuant to Local Rule 37, and until resolved by the Court shall remain protected as confidential information hereunder.  The burden of demonstrating that documents should be protected by this Order shall remain at all times on the designating party.

7. All documents subject to this Protective Order that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential

and the party submitting such information shall file an application to have it filed under seal pursuant to Local Rule 79-5, including filing a public redacted version of the document concurrently.

8. The inadvertent or unintentional disclosure of confidential documents/information by the disclosing party shall not be construed to be a waiver, in whole or in part of the disclosing party's claims of confidentiality either as to the specific documents or as to any other information relating thereto.

9. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may apply to obtain injunctive relief and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order.  This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt.  Any court with proper jurisdiction may issue injunctive relief.

10. The provisions of this Protective Order shall survive and remain in full force and effect after the Entry of Final Judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

11. Upon final conclusion of the present litigation, all copies of all documents disclosed subject to this Protective Order shall be returned to counsel for the party who provided them.  If documents are filed with the Court pursuant to Local Rule 79-5, said documents shall be disposed of as provided in Local Rule 79-5.

12. The agreement of the parties embodied in this Protective Order does not constitute an admission or agreement that any documents or information is subject to discovery, or is admissible as evidence, in this case.  Designation of any information as subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or

1   the claims or defenses of any party hereto.

2  13.   This Court retains jurisdiction to construe, enforce and amend the provisions
3        of this Order.  This Order may not be modified absent further action by the
4        Court.

5  14.   The treatment of confidential information to be introduced at trial shall be the
6        subject of a later order.

7  15.

8        IT IS SO ORDERED, ADJUDGED, AND DECREED.

9  DATED: October 20, 2015

10
                            By: *[signature: Paul L. Abrams]*
11                              Hon. Paul L. Abrams
                                U.S. MAGISTRATE JUDGE
12